# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

WORKHORSE GROUP, INC., et al.,　　　　　　　　　Case No. 1:22-cv-454
　　　Plaintiffs,　　　　　　　　　　　　　　　　　　Black, J.
　　　　　　　　　　　　　　　　　　　　　　　　　　Litkovitz, M.J.

　　　v.

WEI WEI, et al.,　　　　　　　　　　　　　　　　　　**ORDER**
　　　Defendants.

This matter is before the Court on plaintiff Workhorse Group, Inc., and Workhorse Technologies, Inc. ("plaintiffs")'s motion to compel discovery. (Doc. 41). Plaintiffs seek a Court order pursuant to Rule 37 of the Federal Rules of Civil Procedure compelling defendants "to: (1) collect Electronically Stored Information (ESI) through a third party and using recognized and defensible collection methods; (2) disclose all communications between Wei and Zhang and Wei's and Zhang's employment-related activities including all communications with ARC and its president Alibek Yertay; and (3) produce all documents relating to drafting ARC's business plans and discussions with investors." (*Id*. at PAGEID 515).

Pursuant to the undersigned's Standing Order on Civil Procedures, motions relating to discovery may not be filed absent certain prerequisites:

> **2. Motions Relating to Discovery:** With the exception of cases involving an incarcerated pro se litigant, **this Court does not permit discovery motions,** i.e. motions to compel or motions for protective order regarding discovery disputes, **unless and until** counsel/pro se parties use the following procedure: Counsel/pro se parties must first attempt to resolve the discovery dispute by extrajudicial means. *See* Fed. R. Civ. P. 37(a)(1); S.D. Ohio Civ. R. 37.1. This Court defines "extrajudicial means" as requiring counsel/pro se parties to try to resolve the matter **both in writing and telephonically**. If counsel/pro se parties are unable to resolve the dispute between themselves, then they must contact the Courtroom Deputy, Arthur Hill, by telephone (513-564-7690), to schedule an informal discovery conference with the Court.

M.J. Karen L. Litkovitz Standing Order on Civil Procedures, § I.D.2, located at

www.ohsd.uscourts.gov/FPLitkovitz (emphasis in original).

Plaintiffs' motion to compel discovery (Doc. 41) does not comply with the undersigned's Standing Order on Civil Procedures. Although plaintiffs indicated that they engaged in "various attempts to meet and confer" (*Id*. at PAGEID 515), there is no indication that plaintiffs requested an informal discovery conference with the Court prior to filing their motion to compel. At the March 2, 2023 scheduling conference, the undersigned discussed with the parties the Standing Orders on Civil Procedures that govern this matter, including the requirement that the parties contact the Courtroom Deputy to schedule an informal discovery conference with the Court. Moreover, despite plaintiffs' argument that defendants "instruct[ed] Plaintiffs to file a motion to compel to address the [discovery] issues with the Court" (Doc. 41 at PAGEID 515), a party cannot unilaterally override the undersigned's Standing Orders on Civil Procedures. *See* M.J. Karen L. Litkovitz Standing Order on Civil Procedures (providing that the Standing Orders on Civil Procedures "shall be followed by all litigants"). Thus, plaintiffs failed to satisfy their obligations pursuant to the undersigned's Standing Order on Civil Procedures to request an informal discovery conference before filing a motion to compel with the Court.

Accordingly, plaintiffs' motion to compel discovery (Doc. 41) is **DENIED** subject to refiling at a later date following an informal discovery conference with the Court. If the parties are unable to resolve the discovery dispute by extrajudicial means, the parties are **ORDERED** to contact the Courtroom Deputy, Arthur Hill, by telephone (513-564-7690), to schedule an informal telephone discovery conference with the Court.

IT IS SO ORDERED.

Date: 10/5/2023

Karen L. Litkovitz
Chief United States Magistrate Judge