UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

WORKHORSE GROUP, INC., et al.,            Case No. 1:22-cv-454
    Plaintiffs,                                            Black, J.
                                                                 Litkovitz, M.J.

    v.

WEI WEI, et al.,                                         **ORDER**
    Defendants.

This matter came before the Court on March 6, 2024 for a discovery conference. The parties have previously agreed to an ESI protocol for the examination of the electronic devices of defendants Wei, Zhang, and Arc, the costs of which are to be evenly split between the parties. As addressed at the discovery conference and in the parties' joint agenda statement, the estimated vendor costs associated with implementing the agreed ESI protocol with regard to the devices of defendant Zhang, who relocated to China, and defendant ARC's representative Alibek Yertay, who relocated to Kazakhstan, are substantial. Defendants object to these costs and argue that pursuant to Fed. R. Civ. P. 26(b)(1), plaintiffs must first quantify their alleged damages to allow the parties and the Court to determine whether the proposed discovery costs are "proportional to the needs of the case."

Given the estimated costs and defendants' objections thereto, the Court will **STAY** until a later date its ruling on the application of the ESI protocol with regard to the electronic devices which plaintiffs seek from defendant Zhang and defendant ARC's representative Yertay. The Court **ORDERS** that the forensic imaging and analysis of defendant Wei's devices be implemented forthwith. Defendant Wei is located in the Cincinnati, Ohio area, and the discovery costs associated with the imaging and forensic analysis of defendant Wei's devices are significantly less than those of the other defendants. In addition, the forensic information yielded

from defendant Wei's devices may inform the question of whether the burden or expense of the proposed discovery from Zhang and Yertay outweighs its likely benefit. *See* Fed. R. Civ. P. 26(b)(1). As the Court has previously ordered (Doc. 48), the cost of the ESI protocol agreed to by the parties, including the imaging and analysis of defendant Wei's devices, shall be evenly split between the parties. Once the discovery dispute is resolved, either party may request reimbursement of their ESI protocol costs from the opposing party upon motion to the Court.

This matter is set for a follow up telephone status conference on **April 16, 2024 at 3:30 p.m.**

**IT IS SO ORDERED.**

Date: 3/7/2024

Karen L. Litkovitz
Chief United States Magistrate Judge