## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| WORKHORSE GROUP INC. and | : | Case No. 1:22-cv-454 |
| WORKHORSE TECHNOLOGIES INC., | : | |
| | : | Judge Timothy S. Black |
| Plaintiffs, | : | |
| | : | |
| vs. | : | |
| | : | |
| WEI WEI, HAONAN (LEO) ZHANG, | : | |
| and ARC UAS, INC., | : | |
| | | |
| Defendants. | | |

### AGREED PERMANENT INJUNCTION

On September 18, 2024, Plaintiffs Workhorse Group, Inc. and Workhorse Technologies, Inc. (collectively, "Workhorse" or "Plaintiffs") and Defendants Wei Wei ("Wei"), Haonan Zhang ("Zhang"), and ARC UAS, Inc. ("ARC"), (collectively, "Defendants"), by counsel and/or individually, hereby agree to enter into this Agreed Permanent Injunction (the "Injunction") and the dismissal of this litigation, with prejudice:

WHEREAS, the parties now wish to resolve this action and all matters between them;

WHEREAS, the parties have entered into separate Confidential Settlement Agreements (the "Settlement Agreements") wherein Defendants have agreed to be bound by the terms of this Injunction;

WHEREAS, Alibek Yertay is the co-founder of ARC;

WHEREAS, Aero Velocity Inc. is Plaintiffs' Successor and Assignee for purposes of the intellectual property, confidential information, and trade secrets, including the rights, interests, claims and demands recoverable at law or in equity previously held by Workhorse, at issue in this proceeding;

WHEREAS, Defendants represent and warrant that they have not relied on, disclosed, used, incorporated, or reverse engineered Workhorse Confidential Information ("Confidential Information"), as defined in their respective Confidentiality and Proprietary Rights Agreements with Workhorse ("Confidentiality Agreements"), nor have they assisted any other person or entity in any of the foregoing activities, as of the date this Injunction is executed;

WHEREAS, each Defendant represents and warrants that he has strictly complied, and will continue to strictly comply in all respects, with his non-disclosure obligations with Workhorse as enumerated in the Confidentiality Agreements;

WHEREAS, the parties agree to waive any requirement for a bond; and

WHEREAS, Defendants have consented to the personal and subject matter jurisdiction of this Court, and its authority over them to enter this Injunction.

Defendants hereby agree, and the Court hereby orders, as follows:

A.      Defendants are hereby enjoined from relying on, disclosing, using, incorporating, or reverse engineering Confidential Information, as defined in their respective Confidentiality Agreements, in their operation of ARC, or otherwise in connection with any business whether personal or otherwise, and

2

shall not otherwise rely on, disclose, use, incorporate, or reverse engineer such confidential information to other third parties or in connection with other third parties.

B.     In addition to the Defendants, the obligations and restrictions, of this Order apply to all others acting in concert and participation with Defendants, including but not limited to Alibek Yertay.

C.     Within ten (10) calendar days of entry of this Injunction on the Court's docket, each Defendant must deliver copies of this Injunction to any of its officers and directors, and all agents, managers, and employees who have responsibility directly or indirectly for any matters covered by this Injunction and maintain a record of recipients to whom the Injunction has been distributed.

D.     If, at any time, any Defendant, or an individual or entity acting in concert therewith, learns of any violations of this Injunction, Defendant must, within five (5) days after such knowledge is obtained or sooner, if feasible, terminate or modify the activity to comply with this Injunction. In the event of any alleged failure by any Defendant, or an individual or entity acting in concert therewith, to comply with this Injunction, Plaintiffs shall be entitled to immediately, among other things, record and enforce the terms of this Injunction. In the event of any further litigation, the prevailing party shall be entitled to recover his/its attorneys' fees, costs and expenses in connection with that litigation.

E.    If any Defendant, or an individual or entity acting in concert therewith, breaches any term of this Injunction, the Settlement Agreement, or otherwise discloses Plaintiffs' Confidential Information, Plaintiffs shall be entitled to injunctive relief and damages, including disgorged profits and lost revenues, including investigative costs, because of such breach or liability for which the amounts of damages shall be determine by this Court. In the event of any such further litigation, the prevailing party shall be entitled to recover his/its attorneys' fees, costs and expenses in connection with that litigation.

F.    Nothing in this Injunction is intended to limit any obligations of any of the Parties otherwise set forth in the Settlement Agreement between them.

G.    The Court finds that the limited restrictions of this Injunction are reasonable, valid, and enforceable.

H.    This Court will retain jurisdiction of this matter for purpose of construction, modification, and enforcement of this Injunction and the Parties' settlement, including without limitation the Settlement Agreement between them, and making any further orders necessary or proper for the construction of this Injunction, its enforcement, and the punishment of any violations of it, or the enforcement of any term or condition of the settlement between the Parties.

I.    This Injunction is and shall be binding on Workhorse and Defendants, as well as their successors, heirs, and assigns, and any individual or entity acting in concert with Defendants, including Alibek Yertay. Unless through law, no change or changes in ownership or corporate status or other legal

status of any Defendant, including but not limited to, any transfer of assets or of real or personal property, will in any way alter any Defendant's responsibilities under this Injunction. Under Fed. R. Civ. P. 65(d), the provisions of this Injunction are binding on Defendants, and any parents, subsidiaries, officers, agents, servants, employees, representatives, attorneys and all other persons or entities in active concert or participation with them, who receive actual notice of this Injunction by personal service or otherwise.

J.      Each Defendant waives and releases: (a) all rights to seek appellate review or otherwise challenge or contest the validity of this Injunction; and (b) any claim that Defendant may have against Plaintiffs, their employees, representatives, agents or attorneys, or that relate to the matters alleged or stated here or otherwise in this cause.

K.      This Injunction represents a compromise between the parties on contested issues of fact and law concerning liability and damages.

L.      This Injunction is the final adjudication of all claims made in this case and shall terminate the litigation, subject to the continuing duties imposed by this Injunction and the Settlement Agreement between them.

M.      Plaintiffs and Defendants shall each bear their own expenses (including professional fees) and costs associated with this litigation, and the negotiation of this Injunction.

N.      Defendants Zhang and ARC acknowledge that they have thoroughly reviewed this Injunction with their attorneys, that they understand and agree to its

terms, and that they agree that the terms of this Injunction are reasonable and necessary to give effect to the settlement between the Parties, and that it will be entered as the Order of the Court.

      O.     Defendant Wei acknowledges that he has had the opportunity to review this Injunction with counsel, and that he understands and agrees to its terms, and that he agrees that the terms of this Injunction are reasonable and necessary to give effect to the settlement between the Parties, and that it will be entered as the Order of the Court.

_____

Wei Wei, Individual

Dated: September 18, 2024
_____

_____

Haonan (Leo) Zhang, Individual

Dated:_____

ARC UAS, INC.

By: _____
    Signature

_____
Printed Name and Title

Dated: _____

_____

Wei Wei, Individual

Dated: _____

_____

Haonan (Leo) Zhang, Individual

Dated: 9/10/2024 _____

ARC UAS, INC.

By: _____

   Signature

Alibek Yertay    President
_____

Printed Name and Title

Dated: 9/9/2024 _____

Seen, Agreed To, Respectfully Submitted By,

Dated:   September __20__, 2024              Respectfully submitted,

By:*/s/ Jeffrey W. Parker, Jr.*
　　　Jonathan G. Polak (admitted *PHV*)
　　　Jeffrey Wayne Parker, Jr. (admitted *PHV*)

　　　Taft Stettinius & Hollister LLP
　　　425 Walnut Street, Suite 1800
　　　Cincinnati, OH  45202
　　　Tel:  (513) 381-2838
　　　Fax:  (513) 381-0205
　　　jpolak@taftlaw.com
　　　jparker@taftlaw.com

　　　*Attorneys for Workhorse Group Inc. and*
　　　*Workhorse Technologies Inc.*


　　　*/s/  Anthony E. Dowell (with permission)*
　　　Anthony E. Dowell
　　　DOWELL COMMERCIAL LITIGATION
　　　6745 Gray Road, Suite H
　　　Indianapolis, IN  46237
　　　Phone: (765) 250-9942
　　　aedowell@dowellcomlit.com

　　　Jarrod M. Mohler (0072519)
　　　Richard O. Hamilton, Jr. (0072643)
　　　ROBBINS, KELLY, PATTERSON & TUCKER
　　　312 Elm Street, Suite 2200
　　　Cincinnati, Ohio 45202
　　　jmohler@rkpt.com
　　　rhamilton@rkpt.com
　　　T: (513) 721-3330
　　　F: (513) 721-5001

　　　**ATTORNEYS FOR DEFENDANTS**
　　　**HAONAN (LEO) ZHANG AND ARC UAS,**
　　　**INC.**

**IT IS SO ORDERED.**

Date:   4/7/2025              _s/Timothy S. Black_
Timothy S. Black
United States District Judge